**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**Amparo Puentes-Puentes;**
**Mariana Ramirez-Sandoval;**
**Angel Moreno;**
**and Mariano Moreno-Orana, individually,**
**and as Next Friend of minor J.M.**
**and minor G.M.,**

**Plaintiffs,**

**v.** **Case No. 26-cv-1124-JWL**

**DHG Transportation LLC;**
**Yosvany Moreno Rodriguez; Luiz Baez;**
**David Hernandez Gomez; Ramos**
**Transportation, LLC; Calex E. Gonzalez Ramos;**
**Amazon Logistics, Inc.; Amazon.com, LLC;**
**Amazon.com Services, LLC; and Carlos Perez,**

**Defendants.**

## MEMORANDUM & ORDER

Plaintiffs filed a state court petition in Sedgwick County, Kansas asserting negligence-based claims and seeking damages for injuries incurred in an August 2025 motor vehicle accident. In May 2026, defendants Amazon Logistics, Inc.; Amazon.com, LLC; and Amazon.com Services, LLC (hereinafter "the Amazon defendants") removed the case to this court on the basis of diversity jurisdiction. In their removal papers, the Amazon defendants assert that all Plaintiffs are citizens of Kansas and that none of the defendants who were properly joined is a citizen of Kansas. The Amazon defendants acknowledge that defendant Carlos Perez is a citizen of Kansas but they contend that Mr. Perez was fraudulently joined as a defendant to defeat diversity jurisdiction.

In June 2026, plaintiffs filed a motion to remand the case to state court (doc. 30) on the grounds that complete diversity is lacking in light of defendant Carlos Perez's citizenship. They

also seek a fee award in connection with their efforts to remand this case. The Amazon defendants responded to the motion to remand and also moved for jurisdictional discovery. The magistrate judge denied defendants' motion in large part, but granted leave for the Amazon defendants to serve three interrogatories and five requests for admission, limited to the issue of fraudulent joinder. Following that limited discovery, the magistrate judge issued an order for supplemental briefing on the motion to remand. This case was then reassigned to the undersigned judge and, shortly thereafter, plaintiffs and the Amazon defendants filed their supplemental briefs on the motion to remand. This matter, then, is now ready for resolution. As will be explained, the court grants plaintiffs' motion to remand, grants plaintiffs' request for fees, and remands this case to the District Court of Sedgwick County, Kansas.

## I. Background

As set forth in the second amended petition, plaintiffs' claims arise from a motor vehicle accident that occurred in August 2025 at the intersection of U.S. Highway 400 and Kansas Highway 99 in Greenwood County, Kansas. Plaintiffs allege that they were passengers in a Ford Transit van that collided with a Freightliner M2 commercial truck. Defendant Carlos Perez was driving the Ford Transit van and defendant Rodriguez was driving the truck. Plaintiffs allege that, at all times, all defendants other than Mr. Perez were engaged in a joint venture or enterprise to transport freight. As defendant Perez proceeded eastbound towards and through the intersection, defendant Rodriguez attempted to make a lefthand turn southbound onto Kansas Highway 99, turning directly into the path of the eastbound Ford Transit van. Defendant Rodriguez failed to

yield the right of way to the oncoming vehicle and the vehicles collided in the intersection. Plaintiffs allege that they all suffered injuries in the collision.

In their second amended petition, plaintiffs have asserted that both defendant Rodriguez and defendant Perez were negligent. With respect to defendant Rodriguez, plaintiffs allege that he failed to exercise reasonable care in the operation of a commercial motor vehicle and was negligent in, among other things, failing to keep a careful lookout; operating a vehicle while impaired or fatigued; failing to yield to oncoming traffic with the right of way; and using a handheld mobile device while operating the vehicle. With respect to defendant Perez, plaintiffs allege that he failed to exercise reasonable care in the operation of his vehicle and was negligent in "at least" the following respects—"in failing to keep a careful lookout; in failing to adequately brake or otherwise take evasive maneuvers; and such other ways as revealed in discovery."

## II. Legal Standards

In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (quoting *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006)). Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant. Here, the plaintiffs and one of the defendants—Mr. Perez—share a state of residency: Kansas. As noted, however, the Amazon defendants contend that Mr. Perez was fraudulently joined and "should be ignored for purposes of assessing complete diversity. *Id*. at 988 (citing *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881–82 (10th Cir. 1967)).

To establish fraudulent joinder, the removing party must establish either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.*; *accord Brazell v. Waite*, 525 Fed. Appx. 878, 881 (10th Cir. 2013) ("In general, the removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant."). For purposes of establishing the second method, the Tenth Circuit has held:

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

*Montano v. Allstate Indemnity*, 2000 WL 525992, at *1 (10th Cir. April 14, 2000). The Tenth Circuit has described this standard as a "heavy burden." *Id.* When assessing fraudulent joinder, "the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).

## III. Discussion

The Amazon defendants contend that plaintiffs have fraudulently joined Mr. Perez to defeat diversity jurisdiction. Jurisdictional discovery has revealed that defendant Perez is related to some of the plaintiffs; he resides with five of the six plaintiffs; and he is employed by two of the plaintiffs. The Amazon defendants further assert that plaintiffs' counsel granted an open-ended extension of the answer deadline to Mr. Perez's counsel and insurance carrier and that plaintiffs have made no demand on Mr. Perez's carrier. The Amazon defendants further state that plaintiffs

have not served discovery on Mr. Perez. The primary premise of defendants' argument against remand, then, is that plaintiffs have "no real intention in good faith to prosecute the action" against Mr. Perez. Defendants' argument rests on the theory that the Tenth Circuit has implicitly adopted this subjective standard in evaluating whether a non-diverse defendant has been fraudulently joined. As will be explained, the court rejects this theory. And because defendants have not persuasively argued, as set forth in *Dutcher*, actual fraud in the pleading of jurisdictional facts or the inability of plaintiffs to establish a cause of action against Mr. Perez, remand is required.

In their opposition to the motion to remand and their supplemental brief, defendants contend that plaintiffs "have no real intention to prosecute a claim against Mr. Perez" and that, accordingly, plaintiffs have fraudulently joined Mr. Perez. To support their argument that joinder is fraudulent when a plaintiff has "no real intention in good faith to prosecute the action" against a non-diverse defendant, the Amazon defendants rely primarily on the Third Circuit's opinion in *Batoff v. State Farm Ins. Co*., 977 F.2d 848 (3rd Cir. 1992). In *Batoff*, the Third Circuit stated that joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claims against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Id*. at 851. But despite its suggestion that a subjective standard is relevant to the fraudulent joinder analysis, the *Batoff* court reiterated in the very next sentence that "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id*. And ultimately, the Circuit in *Batoff* held that the district court should have granted the motion to remand because the Circuit could

not say that the plaintiff's complaint against the non-diverse defendant was "wholly insubstantial and frivolous." *Id*. at 853.

Defendants contend that the Tenth Circuit has cited with approval the *Batoff* fraudulent joinder standard. To be clear, the Tenth Circuit has never referenced the "no real intention to prosecute" standard in any decision that the court has uncovered. While the Amazon defendants are correct that the Circuit has cited to *Batoff*, it has done so only to quote the Third Circuit's statement that "a claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *See Brazell v. Waite*, 525 Fed. Appx. 878, 881 (10th Cir. 2013); *Montano v. Allstate Indemnity*, 2000 WL 525992, at *1 (10th Cir. April 14, 2000). In other words, both *Brazell* and *Montano* cited *Batoff* in connection with the idea that fraudulent joinder turns on whether there is a reasonable basis in fact supporting the claim against the non-diverse defendant. Neither case remotely supports the idea that a subjective standard exists when evaluating whether a non-diverse defendant has been fraudulently joined.[1]

[1] The Amazon defendants also direct the court to the Tenth Circuit's decision in *Long v. Halliday*, 768 Fed. Appx. 811, 813–14 (10th Cir. 2019) where the Circuit stated that fraudulent joinder "may also be found when the resident defendant serves only to frustrate federal jurisdiction." (citing *Dodd v. Fawcett Publ'ns, Inc*., 329 F.2d 82, 85 (10th Cir. 1964)). Defendants suggest that this statement supports the idea that the Circuit endorsed a subjective standard concerning the plaintiff's intent to prosecute the action against the non-diverse defendant. But the *Dodd* decision, cited in *Long*, noted that "continued joinder serves only to frustrate federal jurisdiction" because the non-liability of the non-diverse defendant had been established as both a matter of fact and law. *Dodd*, 329 F.2d at 85. Moreover, the Circuit in *Long* cited and relied on the objective test from *Dutcher*. *Long*, then, does not support defendants' argument here.

The Amazon defendants contend that district courts within the Tenth Circuit have utilized or at least recognized the "no real intention to prosecute" standard. With one exception,[2] none of the cases cited by defendants actually endorses or uses that standard. In *Barger v. Bristol-Myers Squibb Co*., No. 93-2485-JWL, 1994 WL 69508 (D. Kan. Feb. 25, 1994), this court mentioned the standard as follows:

> A non-diverse defendant is fraudulently joined when no cause of action is pleaded against him or her, when the cause of action pleaded is defective as a matter of law, or when the pleaded cause of action does not exist in fact. *Roe v. General American Life Ins. Co*., 712 F.2d 450, 452 (10th Cir.1983). Fraudulent joinder is also present when the plaintiff has no real intention to in good faith prosecute the action against the non-diverse defendant or to seek a joint judgment against him or her. *Abels v. State Farm Fire & Cas. Co*., 770 F.2d 26, 29 (3rd Cir.1985). If there is a possibility, however, that a state court would recognize the cause of action pleaded against the non-diverse defendant, then joinder is proper and remand is required. *Coker v. Amoco Oil Co*., 709 F.2d 1433, 1440–41 (11th Cir.1983).

*Id*. at *3; *accord Matthews v. Henry Schein, Inc*., No. CIV-18-524-M, 2018 WL 4179075, at *2 (W.D. Okla. Aug. 31, 2018) (same).[3] *Barger*, of course, was decided years before the Tenth

---

[2] The Amazon defendants contend that this case aligns with the facts in *McCallister v. Dorel Industries, Inc*., No. 2:03CV427DAK, 2005 WL 8186892 (D. Utah, June 29, 2005). But the *McCallister* court denied remand primarily because there was no factual support for the plaintiff's claims against her non-diverse defendant spouse. While the court further noted that plaintiff lacked a good faith intent to pursue a judgment against her husband, that decision was well before the Circuit's *Dutcher* decision. In an event, to the extent defendants rely on *McCallister* for their argument that this court should utilize the no-real-intention-to-prosecute standard, the court declines to do so.

[3] Defendants also rely on *Lowe v. Postrock Midcontinent Prod. LLC*, No. 13-4075-JAR, 2013 WL 6000004, at *2 (D. Kan. Nov. 12, 2013), wherein the court stated that "It has long been held that the right of removal cannot be defeated by 'a fraudulent joinder of a resident defendant having no real connection with the controversy.'" (citations omitted). This, of course, is not the same as a subjective standard but instead reflects the requirement that the plaintiff's claim against the non-diverse defendant must be a viable one. Indeed, the court in *Lowe* went on to assess whether defendants had demonstrated no possibility that plaintiffs could recover against the non-diverse defendant. *Id*. at *3.

Circuit's *Dutcher* and *Montano* decisions and, like *Batoff* itself, recognized that remand was required if the plaintiff stated a claim against the non-diverse defendant regardless of the reference to the "no real intention to prosecute" test. And because the *Barger* decision did not involve an application of the no-real-intention standard, the court's reference to it was mere dicta. Morever, this court, in more recent cases, has relied on the objective test set forth in *Dutcher*. *See Schehrer v. Smith & Nephew, Inc.*, No. 19-2003-JWL, 2019 WL 1002419, at *2 (D. Kan. Mar. 1, 2019) ("In the absence of actual fraud in the pleading of jurisdictional facts . . . fraudulent joinder requires the removing party to demonstrate the 'inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" (quoting *Dutcher*, 733 F.3d at 988)); *Bloomer v. Ouellette*, 333 F. Supp. 3d 1172, 1175 (D. Kan. 2018) (same); *Moody v. Cincinnati Specialty Underwriters Ins. Co.*, No. 16-2261-JWL, 2016 WL 3124855, at *1 (D. Kan. June 3, 2016) (same); *Boyce v. Wal-Mart Stores, Inc.*, No. 16-2221-JWL, 2016 WL 2941339, at *1 (D. Kan. May 20, 2016) (same); *Sisters of Charity of Leavenworth Health Sys., Inc. v. Prime Healthcare Servs., Inc.*, No. 13-2364-JWL, 2014 WL 105668, at *3 (D. Kan. Jan. 9, 2014) (same).

As the Amazon defendants candidly acknowledge in their submissions, the only district court case to discuss the applicability of the "no real intention to prosecute" standard is *City of Neodesha v. BP Corp. North America Inc.*, 355 F. Supp. 2d 1182 (D. Kan. 2005). In that case, Judge Crow expressly rejected the defendant's argument that "fraudulent joinder exists when the plaintiff has 'no real intention in good faith to prosecute the action against the defendant or seek a joint judgment,' regardless of the legal and factual viability of the claim." *Id*. at 1185 (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3rd Cir. 1985)). Relying on the Circuit's unpublished *Montano* decision, Judge Crow held that the court's task was an objective one—to

determine whether plaintiff had any possibility of recovery against the non-diverse defendant. *Id*. at 1187. The court ultimately held that remand was required and granted fees to the plaintiff. *Id*. at 1189-90. The Circuit's subsequent decision in *Dutcher* confirmed that Judge Crow's approach was the appropriate one.

Having rejected defendants' argument that a subjective standard applies in analyzing whether plaintiffs fraudulently joined Mr. Perez, defendants can withstand remand only by demonstrating that there is no possibility that plaintiffs will be able to establish a cause of action against Mr. Perez. In their Notice of Removal, the Amazon defendants summarily contend that there is no reasonable basis to conclude that plaintiffs will succeed on their negligence claims against Mr. Perez in light of plaintiffs' "sparse and conclusory" allegations. Defendants complain that plaintiffs have offered "no specifics" about what exactly Mr. Perez did wrong. In their response to the motion to remand, defendants similarly give short shrift to this argument. They contend only that plaintiffs' "sparse factual recitals do not indicate liability against Mr. Perez." Defendants' supplemental post-discovery brief is limited to their argument that plaintiffs do not intend to prosecute Mr. Perez.[4]

The court easily concludes that there is a reasonable basis to believe plaintiffs might succeed in at least one claim against Mr. Perez. *Nerad v. AstraZeneca Pharms., Inc.*, 203 Fed. Appx. 911, 913 (10th Cir. 2006) ("A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law."). Plaintiffs have alleged in their state court petition that Mr. Perez was negligent in at least two respects—by failing

---

[4] The Amazon defendants have not waived the right to compare their fault with the fault of Mr. Perez, however.

to keep a careful lookout and by failing to adequately brake or otherwise take evasive maneuvers to avoid the collision. Nothing in the record contradicts these allegations and the allegations against Mr. Perez are not inconsistent with the description of the accident provided by both parties. The court cannot say at this juncture that there is no factual basis for the claims against Mr. Perez. *Compare McCallister*, 2005 WL 8186892 at *3 (no factual basis for liability against non-diverse defendant where investigative report of accident indicated that accident was caused by driver of other vehicle and plaintiff did not allege any specific basis for husband's negligence such as driving too fast or failing to pay attention).

The court turns, then, to plaintiffs' request for a fee award in connection with their efforts to remand this case to state court. The basis for a fee award is found in 28 U.S.C. § 1447(c) which provides that an order remanding the case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As the Supreme Court has explained:

> Absent unusual circumstances, courts may award attorney's fees under 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.

*Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). As Judge Crow noted in *City of Neodesha*, "[i]t is the propriety of the removal, and not the existence of bad faith, which is determinative." 355 F. Supp. 2d at 1190.

Here, the Amazon defendants have barely attempted to argue that plaintiffs' claims against Mr. Perez are legally deficient. They focused their discovery efforts exclusively on the issue of whether plaintiffs actually intended to prosecute their claims against Mr. Perez and the bulk of

their briefing relies on a subjective standard that has never been mentioned let alone endorsed by the Tenth Circuit. In these circumstances, the court concludes that a fee award is appropriate. *See id.* (awarding fees where defendants did not argue that claims against non-diverse defendant lacked factual basis and argued only that plaintiff did not intend to prosecute). Thus, the court shall award reasonable expenses, including attorneys' fees, incurred as a result of defendants' removal. *See Huffman v. Saul Holdings Ltd. Partnership*, 262 F.3d 1128, 1134 (10th Cir. 2001) (court is "duty-bound to ensure that an award of attorneys' fees pursuant to § 1447(c) is reasonable"). The parties shall follow Local Rule 54.2 in resolving the amount of attorneys' fees and costs. If no agreement is reached on this issue, plaintiffs shall submit a fee motion no later than **Monday, October 26, 2026.** Defendants shall file any objections to the motion on or before **Monday, November 9, 2026**.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion to remand (doc. 30) is granted and the case shall be remanded to the District Court for Sedgwick County, Kansas.

**IT IS FURTHER ORDERED** that plaintiffs are awarded their attorneys' fees and costs incurred in pursuing the remand of this case.

**IT IS FURTHER ORDERED** that the parties shall confer regarding attorneys' fees and, if court intervention becomes necessary, plaintiffs shall submit a fee motion no later than

**Monday, October 26, 2026.** Defendants shall file any objections to the motion on or before **Monday, November 9, 2026**.

**IT IS SO ORDERED.**

Dated this 28th day of September, 2026, at Kansas City, Kansas.

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge